UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | Case No. 18-16248-BKC-MAM |
| | **Chapter 7** |
| **CHANCE & ANTHEM, LLC,** | |
|     Debtor. | |
| _____/ | |
| **ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC,** | **ADV. NO. 19-01301-MAM** |
|     Plaintiff, | |
| v. | |
| **ADVANCED AVIONICS, LLC,** | |
|     Defendant. | |
| _____/ | |

**REPLY BY PLAINTIFF, ROBERT C. FURR, AS CHAPTER 7 TRUSTEE, TO RESPONSE TO DEBTOR'S EMERGENCY MOTION TO DISQUALIFY**

Plaintiff, Robert C. Furr ("Plaintiff" or "Trustee"), as Chapter 7 Trustee for the Debtor, Chance and Anthem, LLC, by and through counsel, files this Reply by Plaintiff, Robert C. Furr, As Chapter 7 Trustee, to Response to Debtor's Emergency Motion to Disqualify (the "Reply"), and in support of thereof states, as follows:

**I.  PROCEDURAL HISTORY**.

1. On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2. On August 6, 2019, the Plaintiff, Robert C. Furr, as Chapter 7 Trustee of the

Estate of Chance & Anthem, LLC (the "Plaintiff" or "Trustee"), filed an Adversary Complaint To Avoid And To Recover Avoidable Transfer And For Other Relief (the "Adversary Complaint") [Adv. EFC No. 1] in the above adversary proceeding (the "Adversary Case").

3.  On September 6, 2019, Defendant, Jeffrey Marc Siskind ("Attorney Siskind"), filed a Notices of Appearance As Counsel and Motions For Enlargement of Time of Time To Respond To Complaint (the "Motion for Extension") [Adv. EFC No. 5] on behalf of Advanced Avionics, LLC  (the " Adversary Defendant").

4.  On September 19, 2019, the Trustee filed the Motion by Plaintiff, Robert C. Furr, As Chapter 7 Trustee, To Disqualify Jeffrey Siskind As Counsel To Adversary Defendant (the "Motion to Disqualify") [ECF. No. 08].

5.  Thereafter, on October 4, 2019, Attorney Siskind filed his Response to Debtor's Emergency Motion to Disqualify [ECF No. 11] (the "Response").

6.  In the Response, there were several arguments raised by Attorney Siskind challenging, among other things, the Trustee's standing to seek his disqualification as "purported" counsel for the Defendant and the basis of applying Florida Rules of Professional Conduct (the "Professional Rules") to the circumstances of this adversary proceeding.

II.  **SUPPLEMENTAL ARGUMENT.**

There is no doubt that the Trustee has standing to file the Motion and seek disqualification of Attorney Siskind as counsel for the Defendant where, as a practical matter, the Trustee has stepped into the shoes of the Debtor and retains all attorney-client privileges of the estate. *In re Fundamental Long Term Care, Inc.*, 492 B.R. 571 (M.D. Fla. 2013) Moreover, as discussed by the bankruptcy court in *In re Morey*, 416 B.R. 364, 366 (Bankr.D. Mass. 2009), the Debtor has a duty under section 521(a)(3) to cooperate with Plaintiff in the performance of the

trustee's duties, including the collection of the estate property and reduction of that property to money under section 704(a)(1). This requires the Debtor to "disclose information that would assist the trustee in his efforts to recover assets of the estate," even in adversary proceedings such as preference and fraudulent transfer actions and other actions in furtherance of the trustee's duties. *Id*. at 366-367.

Pursuant to 11 U.S.C. § 704(a)(1), the prosecution of avoidance claims held by the estate unquestionably falls within the scope of the Trustee's responsibilities. At the time Attorney Siskind filed the Petition, the Debtor had a duty to cooperate and to disclose information that would assist the Plaintiff in his efforts as "trustee" to recover assets of the estate in connection with fraudulent transfers and other claims set forth in the Adversary Case. *In re Morey*, 416 B.R. 364, 366 (Bankr. D. Mass. 2009); *Pereira v. Allboro Bldg. Maint., Inc. (In re Allboro Waterproofing Corp.),* 224 B.R. 286, 292 (Bankr.E.D.N.Y.1998).

In *Morey,* the court analyzed the issue of whether the attorney for a Chapter 7 debtor, consistent with his or her ethical responsibilities, may undertake the representation of an entity whose interests potentially conflict with those to whom the debtor had a fiduciary duty-or whether a debtor may waive such a conflict. In its analysis, the court discussed the cases holding that simultaneous representation of the debtor and non-debtor defendants in an adversary proceeding creates an irreconcilable conflict of interest, and acknowledged that "very often these cases have arisen when attorneys for corporate debtors have sought to represent their principals in adversary proceedings brought against them." *Id*. at 368 (citations omitted). In conclusion, the *Morey* court held, as this Court should here, that:

> ". . .the debtor's duty to cooperate . . . might be directly opposed to [the attorney's] interest' in his representation of [the adversary defendant] in [the] adversary proceeding. . .'[C]ounsel here cannot adequately and vigorously represent [the adversary defendant] in [this adversary proceeding] while simultaneously

3

attempting to provide proper counsel to the Debtor in the underlying bankruptcy case.' . . .[The debtor's attorney] undertook to represent the Debtor who, correspondingly, undertook responsibilities to the Trustee and the bankruptcy estate in this case. [The debtor's attorney] cannot fully and adequately perform the duties incident to that representation while simultaneously representing [the adversary defendant's] interests which are adverse to the Trustee and the bankruptcy estate in this adversary proceeding."

Here, the Plaintiff has identified the actual conflicts of interests that exist between the Debtor and the representation of Attorney Siskind of an entity that has interests adverse to the Debtor in the Adversary Case. The argument by Attorney Siskind that the "interests of undersigned's clients [Defendant] are substantially aligned inasmuch as the Trustee has alleged that all of them are the undersigned's alter egos," does not create a waivable conflict and runs counter to the Professional Rules. Accordingly, the prior representations of the Debtor by Attorney Siskind, particularly, in the Bankruptcy Case (both in Maryland and Florida), creates an irreconcilable conflict of interest that the Plaintiff is unable to waive. Because the Debtor has a duty to cooperate with the Trustee and the estate in recovering avoidable transfers and reducing it to money, the Plaintiff respectfully requests that the Court grant the Amended Motion to Disqualify precluding Attorney Siskind from further representing the Adversary Defendant in this Adversary Case.

**WHEREFORE**, the Plaintiff, Robert C. Furr, as Chapter 7 Trustee, respectfully requests that the Court enter an Order: (i) granting the Amended Motion to Disqualify; (ii) disqualifying Attorney Siskind from representing and acting as counsel to the Defendant in the Adversary Case; and (iii) granting such additional relief as the Court may deem just and proper.

**Respectfully submitted this  7th  day of October, 2019.**

                                           **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                           Counsel to the Chapter 7 Trustee
                                           100 S.E. 2nd Street, Suite 4400
                                           Miami, FL  33131
                                           Tel.: (305) 349-2300
                                           Fax.: (305) 349-2310

                                           By:/s/  Jesus M. Suarez
                                                John H. Genovese, Esq.
                                                Florida Bar No. 280852
                                                jgenovese@gjb-law.com
                                                Jesus M. Suarez, Esq.
                                                Fla. Bar No. 60086
                                                jsuarez@gjb-law.com
                                                Barry P. Gruher, Esq.
                                                Fla. Bar No. 960993
                                                bgruher@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all interested parties registered to receive electronic notices on this matter as indicated on the Service List below on this  7th  day of October, 2019.

                                           By:/s/  Jesus M. Suarez
                                                Jesus M. Suarez, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification upon:*

Jeffrey M Siskind on behalf of Defendant Advanced Avionics, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com